Craig WILLIAMS, Appellant

v.

Lt. ARMSTRONG; Supt. Folino; Chief R. Lewis; Lt. Kennedy; Maj. Legget; T. Shawly, Grievance Coordinator; R. McCombie, OAM 1; J. Rogers, CCPM; John Doe; C.O. 1 Pawlowski.

No. 13–4742.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 April 24, 2014.

Opinion filed: May 6, 2014.

Kemal A. Mericli, Esq., Yana L. Warshafsky, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Defendants–Appellees.

Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges.

## OPINION

PER CURIAM.

Craig Williams, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his complaint. For the reasons set forth below, we will summarily affirm.[1]

### I.

Craig Williams, a Pennsylvania prisoner, filed an amended complaint pursuant to 42 U.S.C. § 1983 on October 5, 2012. In his complaint, Williams alleged that on May 23, 2012, he interacted with a female correctional officer, Defendant Pawlowski, and allegedly made inappropriate comments to her. As a result of those comments and a preexisting agreement to keep Williams and Pawlowski separate, he was placed on Administrative Custody ("AC") status pending an investigation and Peer Review Committee ("PRC") review. He was placed in the Restricted Housing Unit ("RHU") the following day and remained there until his transfer to another prison on September 13, 2012.

Williams alleged that the PRC never gave him an opportunity to present his viewpoint or challenge the PRC's contention that Williams was a danger to himself or others. He claimed that his transfers to AC status and the RHU were done in

Craig Williams, PADRP, Albion, PA, pro se.

1. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may summarily affirm a decision of the District Court if the appeal does not raise a substantial issue. 3d Cir. LAR 27.4; I.O. P. 10.6. We may affirm on any basis supported by the record. *Murray v. Bledsoe,* 650 F.3d 246, 247 (3d Cir.2011) (per curiam).

violation of his Fourteenth Amendment Due Process Clause rights. Williams filed several grievances regarding his AC status and transfer to RHU, all of which were denied, allegedly also in violation of his Fourteenth Amendment rights. He also claimed that the RHU's conditions of confinement violated the Eighth Amendment's prohibition on cruel and unusual punishment. Specifically, he complained that while in the RHU, he was denied a mirror, pillow, cabinets, and various privileges granted to those in the prison's general population. The District Court granted the defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Williams filed a timely notice of appeal.

## II.

We exercise plenary review over dismissal for failure to state a claim. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir.2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted). The standard requires a two-part analysis. First, we separate the complaint's factual allegations from its legal conclusions. Having done that, we take only the factual allegations as true and determine whether the plaintiff has alleged a plausible claim for relief. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir.2009).

■ Upon review of the complaint, we conclude that the District Court properly determined that Williams failed to state a Fourteenth Amendment claim regarding his transfer to the RHU. It is well-settled that placement in administrative confinement will generally not create a liberty interest. *Sandin v. Conner*, 515 U.S. 472,

486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Allah v. Seiverling*, 229 F.3d 220, 224 (3d Cir.2000). Rather, a "liberty interest only exists if that placement is an 'atypical and significant hardship' relative to others similarly sentenced." *Leamer v. Fauver*, 288 F.3d 532, 546 (3d Cir.2002) (quoting *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293). Such a hardship exists if the circumstances of a prisoner's confinement falls outside of the expected parameters of comparable confinement. *See id.* We have previously held that seven months in disciplinary confinement did not implicate a liberty interest. *Smith v. Mensinger*, 293 F.3d 641, 645, 654 (3d Cir.2002). Similarly, disciplinary detention for fifteen days and administrative segregation for 120 days did not implicate a protected liberty interest. *Torres v. Fauver*, 292 F.3d 141, 151–52 (3d Cir.2002); *cf. Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir.2000) (holding that eight years in administrative custody is atypical and implicates a protected liberty interest).

Here, Williams complained of a due process violation based on less than four months in the RHU (from May 24, 2012, to the date of his transfer, September 13, 2012). The conditions he complained of reflect typical restrictions in administrative custody. We conclude that the duration and conditions of Williams's segregation cannot be deemed atypical. Accordingly, he does not have a protected liberty interest and was not entitled to procedural due process protection.

■ We also agree with the District Court that Williams failed to state a claim for violation of his due process rights against those defendants who handled his grievances regarding his transfer to the RHU. Williams claimed that the Defendants "failed to consider Plaintiff [ sic] appeal information" provided in the grievances and sought to "cover up any wrong-

doing by not processing the grievance and violating Plaintiff [sic] rights to exhaust grievances." Complaint at 8, 11. Access to prison grievance procedures is not a constitutionally-mandated right. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir.2001) (collecting cases and stating that "[t]he courts of appeals that have confronted the issue are in agreement that the existence of a prison grievance procedure confers no liberty interest on a prisoner."); *Hoover v. Watson*, 886 F.Supp. 410, 418 (D.Del.1995) *aff'd*, 74 F.3d 1226 (3d Cir. 1995) (holding that if a state elects to provide a grievance mechanism, violations of its procedures do not give rise to a § 1983 claim). Therefore any allegations of improprieties in the handling of his grievance do not state a cognizable claim under § 1983.

■ The District Court was also correct in concluding that Williams failed to state a claim for violation of his Eighth Amendment rights. The Eighth Amendment imposes upon prison officials a duty to provide "humane conditions of confinement." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 256 (3d Cir.2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). "For an alleged deprivation to rise to the level of an Eighth Amendment violation, it must result in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotations and citations omitted). This Court has held, in *Gibson v. Lynch*, 652 F.2d 348 (3d Cir.1981), that an inmate's incarceration for 90 days in solitary confinement due to prison overcrowding did not violate the Eighth Amendment where his basic needs for nutrition and shelter were being met. *Id.* at 350, 352. Williams's situation is analogous to that of the plaintiff in *Gibson*, as he does not allege that he was denied any of life's necessities, and the duration of his time in the RHU was 112 days. We therefore affirm the District Court's dismissal of this claim.

### III.

There being no substantial question presented on appeal, we will summarily affirm.